■ T & G KNITWEAR CO., INC., Appellant, v HOME INSURANCE COMPANY, Respondent.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered on or about June 9, 1988, granting plaintiff's cross motion for sum-

mary judgment solely to the extent of $10,000 and granting summary judgment in favor of defendant dismissing the balance of the complaint, is unanimously affirmed, without costs or disbursements.

Plaintiff, T & G Knitwear Co., Inc., a garment manufacturer, entered into an insurance contract with defendant, The Home Insurance Company, covering plaintiff's goods at various locations for the period from November 1983 to November 1986. The policy, known as a reporting form policy, allowed the plaintiff insured to add or subtract covered locations from time to time. Subsequently, plaintiff added the premises of one of its contractors, Lynch Knitting Mills, which occupied the second and third floors of a building in Brooklyn.

Shortly thereafter, plaintiff entered a claim for fire loss occurring on the premises of Lynch, as well as for loss occurring to property in the possession of ACD Finishers on the sixth floor of the same building. The claim for damage to the goods held by Lynch was honored by defendant, but that for the goods in the possession of ACD was rejected, since the latter corporation was not specifically listed in the policy endorsement providing for coverage of the goods at Lynch. Defendant conceded that plaintiff was entitled to $10,000 pursuant to item (3) listed on page 2c of the policy, for loss to property at a "location not owned, leased, operated or regularly used by the Named Insured".

The policy provides in pertinent part: "Coverage B—Personal Property of the Named Insured and, at the option of the Named Insured, personal property of others while in the care, custody or control of the Named Insured for business purposes and for which the Named Insured is liable, all while at the location(s) described in the Declarations or within 500 feet thereof if in the open, on land, or in or on land vehicles." Plaintiff claims that pursuant to this section the entire amount of the loss at ACD was covered, since that property on the sixth floor in ACD's possession was within 500 feet of the Lynch premises. However, this interpretation is contrary to the plain language of the policy. The additional coverage provided is for property at insured locations "or within 500 feet thereof if in the open, on land, or in or on land vehicles". The property at ACD was not in an insured location and, while it may have been within a radius of 500 feet, it was stored in an enclosed floor in a building, not in the open, or on land, or in a land vehicle.

The language of the policy, therefore, is clear and unambiguous and the IAS court properly granted defendant's motion

for summary judgment dismissing the complaint, except as to that portion granting plaintiff a $10,000 recovery. Concur—Kupferman, J. P., Ross, Asch, Kassal and Rubin, JJ.