Jane Street Holding, LLC v. Aspen Am. Ins. Co.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         CHRISTOPHER F. DRONEY,
                        Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
Jane Street Holding, LLC,
        Plaintiff-Appellant,

        -v.-                                            14-392

Aspen American Insurance Company,
        Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          ADAM S. ZIFFER (with Robin L.
                        Cohen, Burt M. Garson, on the
                        brief), Kasowitz, Benson, Torres
                        & Friedman, New York, New York.

FOR APPELLEE:           WAYNE R. GLAUBINGER (with Hilary
                        M. Henkind, on the brief), Mound

Cotton Wollan & Greengrass, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jane Street Holding, LLC, appeals from the judgment of the United States District Court for the Southern District of New York (Sweet, J.), granting summary judgment in favor of defendant-appellee Aspen American Insurance Company. On appeal, Jane Street argues principally that the district court misconstrued the insurance policy at the center of this litigation. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On October 29, 2012, Hurricane Sandy destroyed Jane Street's $2.2 million generator in the basement of One New York Plaza. Aspen insured Jane Street against flood damage. The dispute is whether the policy insured Jane Street's property in the basement.

The policy defined the "covered location" as Jane Street's corporate headquarters, specifically: "One New York Plaza, 33rd Floor, New York NY 10004." Jane Street submitted a claim, but Aspen refused to pay any more than $50,000--the policy's sublimit for property not in a covered location. Jane Street sued Aspen for breach of contract, breach of fiduciary duty, and bad faith. The district court granted Aspen's motion for summary judgment as to all three causes of action, on the ground that the policy covered property only on the 33rd floor and did not extend to the basement where the generator had been located. Jane Street appeals the district court's judgment with respect to the breach of contract and bad faith claims.

We review de novo both a district court's grant of summary judgment, see, e.g., Terwilliger v. Terwilliger, 206 F.3d 240, 244 (2d Cir. 2000), and its interpretation of a contract, see, e.g., Capital Ventures Int'l v. Republic of Argentina, 552 F.3d 289, 293 (2d Cir. 2009). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The insurance policy defined the covered property as Jane Street's "business personal property in buildings or structures at a 'covered location' or in the open (or in vehicles) on or within 1,000 feet of a 'covered location.'" The contract's definition of a "covered location" explains that "if the Scheduled Locations Endorsement is added to this policy, 'covered location' means a location that is described on the Location Schedule." Jane Street and Aspen did include a Scheduled Locations Endorsement to the policy, and it describes the "Covered Location" as "One New York Plaza, 33rd Floor, New York NY 10004." The text preceding that location reads: "Coverage provided by the [policy] applies only to the 'covered locations' described below." Although the policy insured against "direct physical loss" to Jane Street's property "at locations that are not described on the Locations Schedule," the policy limited Aspen's obligations to $50,000 "in any one occurrence for each unscheduled location."

The plain meaning of the policy is that: property inside a building or structure that is on the 33rd floor of One New York Plaza is covered (along with property in the open, or in vehicles, on or within 1,000 feet thereof), while for all other property a $50,000 limit applies.[1] Cf. T&G Knitwear Co. v. Home Ins. Co., 548 N.Y.S.2d 29, 30 (App. Div. 1989) (holding that an insurance policy's definition of a covered location as the second and third floors of a building rendered property in the sixth floor of the building "not in an insured location"). Jane Street's flood-damaged generator was located in One New York Plaza's (unscheduled) basement and not on the building's (covered) 33rd floor. The policy required no more of Aspen than the $50,000 payment that it tendered to Jane Street.

Having concluded that the policy did not entitle Jane Street to more than what Aspen has paid, we agree with the district court that Jane Street's claim of bad faith is

---

[1]This straightforward interpretation applies with equal force to the policy's Flood Endorsement, which "cover[s] direct physical loss to *covered property at 'covered locations'* caused by 'flood'" (emphasis added).

without merit.  See Sukup v. State of N.Y., 227 N.E.2d 842, 844 (N.Y. 1967) (holding that, to support a claim of bad faith, the insured must demonstrate that "no reasonable carrier would, under the given facts" have denied coverage).

    For the foregoing reasons, and finding no merit in Jane Street's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
